UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JANICE D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-268 |
| | ) | |
| JOSEPHINE A. OWENS, and | ) | |
| PROGRESSIVE MOUNTAIN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This auto wreck case was removed from the State Court of Bryan County, Georgia on the grounds that defendant Josephine Owens was, at the time the wreck occurred, acting in the course and scope of her employment by the United States Army. *See* doc. 1 at 1-2 (Notice of Removal); *see* doc. 1-1 (Complaint). Defendant has filed two motions which have been referred to the undersigned. First, a motion to substitute the United States for defendant Owens. Doc. 4. The United States also seeks a stay of all deadlines in this case pending the disposition of its Motion to Dismiss by the District Judge. Doc. 6.

The United States' motion explains that the Federal Tort Claims Act is the exclusive remedy for the alleged negligence of its employees acting within the course and scope of their employment. *See* doc. 4 at 1 (citing 28 U.S.C. §§ 3146(b)(1), 2679(b)(1)). The Government also points out that the statute provides, in relevant part, that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . ." 28 U.S.C § 2679(d)(1). The United States Attorney, as the Attorney General's designee, has certified that Owens was acting within the scope of her employment at the time of the alleged incident. *See* doc. 4 at 2; *see* also doc. 1-2 (United States Attorney's certification, pursuant to 28 U.S.C. § 2679(d)(2)). The plaintiff has not opposed the motion. *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion.").

Since, it appears that the United States is a proper party to this suit, its Motion to Substitute Party is **GRANTED, in part**. Doc. 4. The Government's motion seeks its substitution "as the sole Defendant with

respect to the causes of action alleged in the Complaint." Doc. 4 at 2. Since, for the reasons explained below, such "substitution" is not possible, the motion is **DENIED, in part**. Doc. 4.

The United States cannot be substituted as the "sole" defendant because Progressive Mountain Insurance Company has appeared and answered the complaint. *See* doc. 7. The status of that Answer, and Progressive Mountain's status as a party, is unclear. The Court can only assume that Progressive Mountain answered *on behalf* of Owens,[1] who was the only defendant named in the Bryan County Complaint and the Notice of Removal. *See* docs. 1 & 1-1. Depending on the underlying rationale for Progressive Mountain's Answer, it may be entitled to dismissal if Owens is. Given the lack of clarity and the fact that the United States' entry in this case is undisputed, the Court will proactively add the

---

[1] Alternatively, as suggested by the Answer and a letter attached to the Notice of Removal, it is possible that plaintiff is Progressive Mountain's insured and has asserted a claim against her uninsured motorist coverage. *See* doc. 7 at 1 (asserting "Plaintiff is not entitled to recover against Progressive as there is no uninsured or underinsured motorist situation as defined by O.C.G.A. § 33-7-11); doc. 1-1 at 8 (Sheriff's Entry of Service on "Progressive Insurance Uninsured Motorist"), 10 (letter to the Gwinnett County, Georgia Sheriff's Office requesting service on "Uninsured Motorist, Progressive Insurance Company"). Whether Progressive Mountain is the same entity as "Progressive Insurance," is unclear from the available documents. If plaintiff asserts a claim against Progressive Mountain under an uninsured or underinsured motorist policy, it is not clear that it is a proper party to this case, absent intervention, and the effect of the United States' substitution for defendant Owens on its status even less clear.

United States in a representative capacity pending further motions practice to clarify the various defendants' status, if the parties deem it necessary. The Clerk is **DIRECTED** to add "The United States of America, on behalf of Josephine A. Owens" as a party defendant. All future pleadings shall conform.

The United States, acting expressly on behalf of defendant Owens, also seeks to stay this case pending disposition of her Motion to Dismiss. *See* doc. 6. Plaintiff concedes the defendant's argument and agrees that dismissal without prejudice is appropriate. Doc. 9. A stay is, therefore, appropriate. The Government's unopposed motion is, therefore, **GRANTED**. Doc. 6. All deadlines in this case are **STAYED**, pending the District Judge's disposition of the Motion to Dismiss, doc. 5. If the disposition of that motion does not resolve the entire case, upon entry of that Order, the Clerk is **DIRECTED** to lift the stay. If any claims remain pending after that disposition, the parties are **DIRECTED** to confer and comply with the District Judge's Rule 26 Instruction Order, doc. 2, within

forty-five days from the date of the District Judge's order on the Motion to Dismiss.

**SO ORDERED**, this 18th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA